```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

WALKEIT FRITH                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-01575

FRANK MARULLO                                    SECTION: "A"(5)
```

**REPORT AND RECOMMENDATION**

The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

A review of plaintiff's complaint reveals that it is the sample form which is provided to <u>pro</u> <u>se</u> litigants by the Clerk's Office to aid them in drafting their initial pleading. On the caption area of the form plaintiff simply asserted his name and that of Judge Frank Marullo as well as the phrase "Feld too field Bail information." (Complt.) The nature of plaintiff's cause of action is not readily determinable from a perusal of his principal pleading.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendant fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In Re Santa Barbara Like It Is Today Copyright, 94 F.R.D. 105 (D. Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert. denied, 382 U.S. 966, 86 S.Ct. 458 (1965); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Plaintiff's complaint contains only his name, the name of his intended defendant, and a five-word phrase that makes absolutely no sense. The pleading contains no statement of the grounds for the court's jurisdiction, no statement of claim, and no prayer for relief. The defendant cannot reasonably be expected to respond to such an unintelligible pleading. Moreover, jurists like Judge

2

Marullo enjoy absolute immunity from suits by disgruntled litigants. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). Finally, plaintiff's complaint is nearly identical to those which he filed or attempted to file in two other previous cases[1]/ and is thus subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) on that basis on grounds of maliciousness. Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1989); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass

---

[1]/ See Frith v. Marullo, 09-CV-162 "I"(1) and Frith v. Marullo, 08-CV-5140 "A"(3).

v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  7th  day of ____June_____, 2010.

                                                                 ALMA L. CHASEZ
                                UNITED STATES MAGISTRATE JUDGE